IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>    Plaintiff,<br><br>  v.<br><br>JERRY BROWN, et al.,<br><br>    Defendants.<br>_____ | No. C 13-1825 JSW (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO EITHER PAY THE FILING FEE OR SHOW CAUSE WHY IN FORMA PAUPERIS STATUS SHOULD NOT BE DENIED AND THE COMPLAINT DISMISSED**<br><br>(Docket Nos. 3, 5, 6) |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983. He has applied for leave to proceed *in forma pauperis*. This Court reviews the complaint pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, Plaintiff is ordered to show cause why leave to proceed in forma pauperis should not be denied and the case dismissed pursuant to 28 U.S.C. § 1915(g). The order of dismissal and judgment filed in this case July 9, 2012, are VACATED as having been filed in error.

## DISCUSSION

A prisoner may not bring a civil action in forma pauperis under 28 U.S.C. 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).

*Andrews* requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the court to sua sponte raise the Section 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action as a pauper under Section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Plaintiff's numerous prior prisoner actions reveals that he has had at least three such cases or appeals dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of Section 1915(g): (1) *Turner v. California Supreme Court, et al.*, N.D. Cal. Case No. C 13-0634 JSW (PR) (complaint dismissed for

failure to state a claim upon which relief could be granted;[1] U.S. Court of Appeals did not allow appeal to proceed because claims "so substantial as to not warrant further review"); (2) *Turner v. Richardson*, N.D. Cal. Case No. C 13-0910 JSW (PR) (April 15, 2013) (civil rights action dismissed for failure to state a claim upon which relief can be granted; U.S. Court of Appeals did not allow appeal to proceed because claims "so substantial as to not warrant further review"); (3) *Turner v. Dimitriou*, N.D. Cal. Case No. C 02-0117 MHP (PR) (April 23, 2002) (civil rights complaint dismissed for failure to state a claim upon which relief may be granted; claims against purely private actors not cognizable under 42 U.S.C. § 1983, and no other grounds for federal court jurisdiction over Plaintiff's claims) (no appeal); and (4) *Turner v. Lewis*, N.D. Cal. Case No. C 10-5482 JSW (PR) (May 31, 2011) (amended civil rights complaint dismissed after failure to correct errors cited in original complaint in improperly joining parties and claims) (no appeal). The court made its evaluation of these cases based on the dismissal orders in them. *See Andrews*, 398 F.3d at 1120.

## CONCLUSION

In light of the dismissals cited above, and because Plaintiff does not appear to be under imminent danger of serious physical injury, he shall SHOW CAUSE in writing filed no later than **November 1, 2013**, why in forma pauperis should not be denied and this case should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative, plaintiff may avoid dismissal by paying the full $400.00 filing fee by **November 1, 2013**. Plaintiff's failure to take either of these actions will result in the dismissal of this case.

//

//

---

[1] As an alternative grounds for dismissal, the Court found that Plaintiff had failed to pay the filing fee or file a complete in forma pauperis application. The Court further noted that many of Plaintiff's allegations were "frivolous."

1 | The motions for appointment of counsel and for an order to show cause are
2 | DENIED. This order terminates docket numbers 3, 5, 6.
3 |     IT IS SO ORDERED.
4 | DATED: October 1, 2013

*[signature]*

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY TURNER,

        Plaintiff,

  v.

JERRY BROWN ET AL et al,

        Defendant.
                              /

Case Number: CV13-01825 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 1, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony R.G. Turner
P.O. Box 1050
G27511
Soledad, CA 93960

Dated: October 1, 2013

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk